E-FILED
Thursday, 10 October, 2024  02:01:33 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

Jaime Jones )
    plaintiff )
vs )    Case no. _____
)
Tyrone Baker, etc.al )
    Defendants )
)

## Civil Complaint

    This is a Civil Action Authorized by 42 U.S.C. Section 1983 to redress the deprivation, under Color of State Law, of Rights Secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C Section 1331 and 1343(a)(3). The plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. The plaintiff's Claims for injunctive Relief are authorized by 28 U.S.C Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. The Central District of Illinois is an appropriate Venue under 28 U.S.C Section 1391(b)(2) because it is where the events giving rise to this claim Occurred.

## PLAINTIFF

plaintiff Jones is and was at all times mentioned herein a prisoner of the State of Illinois, in the custody of the Illinois Department of Corrections. He is Currently confined at Henry Hill Correctional Center in Galesburg Illinois.

## Defendants

Defendant Tyrone Baker is employed by the State of Illinois He is Currently employed at Henry Hill Correctional Center He is the Warden of that facility and His duties include the operation of the Facility, the Welfare and Safety of all inmates as well as Staff.

Defendant Nellie Boone is employed by the State of Illinois through Wexford Health services inc. Defendant Boone is employed at Henry Hill Correctional Center as the Health care administrator. Her duties include the Oversee-ing of medical Aid and medication distribution and all medical treatment toward inmates

Defendant Kasey Kramer is employed by the State of Illinois through Wexford Health Services inc. Defendant Kramer is employed at Henry Hill Correctional Center as the Health- Care Nurse practitioner. Her duties include the medical treatment of inmates in the facility.

Defendant MD Osumdson is employed by the State of Illinois, through Wexford Health Services inc. He is employed at Henry Hill Correctional Center as the Medical Doctor, his duties include the treatment and medical care of all inmates in the Facility.

Each defendant is sued in their official and Individual Capacity, at all times mentioned in this Complaint each defendant acted under color of State Law

## FACTS

1. On June 26th, 2023 plaintiff was playing basketball on the recreational yard in which the back of his foot was stepped on causing injury to the plaintiff's right achilles plaintiff was unable to stand or walk, an emergency was called for immediate medical Assistance and plaintiff was wheelchaired to the healthcare unit by inmate healthcare worker

2. plaintiff was seen by RN, J. Mackey who noticed that plaintiff's right achilles area was severely Swollen RN. J mackey called Nurse Practitioner Casey Kramer for assistance. Nurse Kramer noticed the Severe Swelling and asked plaintiff to get up and walk, plaintiff told Nurse Kramer he was in pain, Nurse Kramer insisted again, plaintiff attempted to stand but was unable to

3. plaintiff was given an ace wrap bandage, crutches, an ice pack and Naproxen pain medication 500 mg; plaintiff was told that he would receive an x-ray on July 3rd, 2023

4. On July 3rd, 2023 plaintiff was sent to the Healthcare Unit to receive an X-ray. On July 5th, 2023 plaintiff returned to Healthcare Unit to be examined by MD Osmundson plaintiff was informed by MD Osmundson that his X-ray results were unremarkable, that nothing was wrong plaintiff informed doctor about his difficulties putting pressure on his right foot. plaintiff also informed MD of the shooting pain from the bottom of his right foot up to the bottom area of his right buttocks. plaintiff informed Doctor that his achilles might be torn. MD asked plaintiff to move his foot up and down, then told plaintiff he would be Okay and discontinued plaintiff from Crutches.

5. On July 9th, 2023 plaintiff wrote emergency sick call request because of attempted walking on his right foot repeatedly without support caused plaintiff to be in severe pain for several days. On July 14th, 2023 plaintiff was called to Healthcare Unit to be examined by Nurse practitioner Kramer who instructed plaintiff to remove his shoe and sock, Nurse Kramer observed the knot on top of his foot. plaintiff was then submitted for an onsite Ultrasound.

6. On or about August 22nd, 2023 plaintiff received Ultrasound

7. On September 5th, 2023 results from the plaintiff's Ultrasound came back and plaintiff was informed that there was Asymmetric Enlargement, Heterogeniety of the right Achilles when compared to the other one, the Ultrasound conductor recommended that the plaintiff receive an MRI.

8. For eight weeks plaintiff continued to put in sick call slips requesting a walking boot, compression sock or to be issued Crutches again. plaintiff was denied on several occasions plaintiff had been in discomfort and pain for 110 days

9. On December 28th, 2023 plaintiff was sent off-site for an MRI and the results came back as 1.) Subtotal high grade partial thickness of the non-insertional achilles tendon in the setting of moderate tendinosis 2.) Mild Deep deltoid ligament Sprain 3.) Mild tenosynovitis of the FHL, plaintiff explained to Nurse Kramer he did not understand what the results meant, Nurse Kramer told plaintiff it was Just a small tear "you'll be okay! plaintiff was placed on an Ortho waiting list.

10. plaintiff on March 21st, 2024 was sent offsite to ortho wilson, craig James who informed plaintiff because of the amount of time from the injury and not being sent to him sooner plaintiff will have life long injury for the rest of his life.

11. plaintiff was referred to an ankle and foot specialist to determine whether surgical Repair/reconstruction will be needed or Conservative management would be indicated

12. On April 6th, 2024 plaintiff's left achilles ruptured and plaintiff was housed in the Healthcare Unit the following week. on or about April 14th, 2024 plaintiff was sent off-site to the foot and Ankle Specialist who informed plaintiff it was too much Scarred tissue around the right tear for surgery. Doctor Maxey examined plaintiff's left foot and determined it needed Surgery

13. On April 24th, 2024 plaintiff received Surgery on his Left achilles and a soft case was placed on plaintiff's foot

14. plaintiff informed Nurse Kramer and Nurse Jill that he had got his cast wet. On May 12th, 2024 plaintiff was taken off site to get the Soft cast and staples removed from incision. when the Soft cast was removed. plaintiff had blisters and a large rash on and around the wound. plaintiff was given anti-biotics to counter the infection

15. On May 17th, 2024 plaintiff was released back out into General population with a walking boot and discontinued from crutches. plaintiff has put in many grievances that were deemed emergencies, plaintiff was denied any type of physical therapy for his right foot, plaintiff has appealed all grievances with the ARB which were also denied

16. On July 17th, 2024 plaintiff was taken off-site for a final Check-up with doctor Maxey, whom ordered bi-lateral physical therapy. plaintiff still has not received physical therapy, plaintiff still in pain and now has a permanent limp when he walks, during the first two weeks of September 2024 plaintiff still has not got any physical therapy, plaintiff filed this complaint.

## Exhaustion of LEGAL Remedies

plaintiff Jones used the grievance procedure available at Henry Hill Correctional Center to try to Solve the problem. plaintiff wrote multiple Grievances and only got the usual response stating issue will be addressed plaintiff still has not received Some of the grievances. plaintiff sent many request to reach out to Warden, Doctors, Nurses, and Healthcare administrator in which he got no relief.

## LEGAL Claims

plaintiff Reallege and incorporate by reference paragraphs 1-16.

## Deliberate Indifference

The Eighth amendment made applicable to the States by the Fourteenth Amendment, prohibits the infliction of "Cruel and Unusual punishments" on Convicted prisoners. Defendants violated plaintiff Eighth Amendment right to reasonable Medical Care and plaintiff suffered permanent injury. A deprivation of a basic human need Such as medical care constitutes medical denial. The failure of Defendant MD Osumdson to provide Steps to heal injury and prevent further injury. Defendant Nurse Kramer failed to take Steps to prevent further injury. Defendant Boone failed in her duty to ensure that plaintiff received the needed treatment, despite the Knowledge of knowing plaintiff Serious medical need, Defendant exhibited Deliberate Indifference As to Defendant Baker who also had been made aware by grievance and letter informing him of plaintiff Serious need and mistreatment, plaintiff now has a disability

## PrAyER FOR RelieF

Wherefore, plaintiff respectfully prays that this Honorable Court enter Judgement:
Granting plaintiff Jones a declaration that the acts and omissions described herein violated his rights under the Constitution and Laws of the United States and,

Granting plaintiff Jones Compensatory Damages in the amount of $350,000.00 against each defendant Jointly and Severally

Punitive Damages in the amount of $350,000.00 against each defendant Jointly and Severally

plaintiff seeks a Jury Trial on all issues and seeks recovery of their cost in this suit and any additional relief this court deems, Just, proper, and equitable

Date: 10-10-24

Respectfully Submitted

Jaime Jones  M21514
p.o. box 1700
Galesburg, IL 61401